**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1673**

_____

TERRY L. PROCTOR,

               Plaintiff - Appellant,

     v.

CARLOS DEL TORO, Secretary, United States Department of the Navy,

               Defendant - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Timothy J. Sullivan, Magistrate Judge.  (8:21-cv-00868-TJS)

_____

Submitted:  October 30, 2023               Decided:  November 21, 2023

_____

Before GREGORY, WYNN, and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF**:  Nathaniel D. Johnson, THE EMPLOYMENT LAW FIRM, LLC, Waldorf, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Matthew A. Haven, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry L. Proctor filed a complaint against his employer, the United States Department of the Navy ("the Navy"), alleging discrimination, retaliation, and constructive discharge, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 (ADEA).  The magistrate judge granted the Navy's motion for summary judgment and denied Proctor's Fed. R. Civ. P. 56(d) motion for discovery.[*]  On appeal, Proctor challenges the magistrate judge's determination that the waiver of his Title VII and ADEA rights in his settlement agreement ("the Agreement") with the Navy was knowing and voluntary and supported by adequate consideration, and that further discovery was not essential to support Proctor's opposition to summary judgment.  For the following reasons, we affirm.

We "review an award of summary judgment *de novo*."  *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223 (4th Cir. 2019).  "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Id.* (internal quotation marks omitted).  In reviewing the propriety of granting summary judgment, we consider the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *See id.*  "To create a genuine issue for trial, the nonmoving party must rely on more than conclusory

---

[*] The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted). Instead, "there must be evidence on which the jury could reasonably find for the nonmovant." *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (cleaned up).

The Older Works Benefit Protection Act (OWBPA) of the ADEA provides that a putative plaintiff may waive his rights under the ADEA as long as the waiver meets specific enumerated criteria demonstrating that the waiver is knowing and voluntary. *See* 29 U.S.C. § 626(f)(1) (listing criteria). However, even if a waiver complies with these guidelines, it will not be considered knowing and voluntary if the totality of the circumstances demonstrate that the employee was under duress or otherwise intimidated into signing the agreement. *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1229 (10th Cir. 1999). Similarly, a putative plaintiff may waive his rights under Title VII, as long as his waiver was knowing and voluntary under the totality of the circumstances. *See Melanson v. Browning-Ferris Indus.*, 281 F.3d 272, 277 (1st Cir. 2002). Both standards require a waiver to be supported by adequate consideration. *See* 29 U.S.C. § 626(f)(1)(D) (calling for "consideration in addition to anything of value to which the individual already is entitled" in ADEA cases); *Melanson*, 281 F.3d at 278 (finding consideration sufficient in Title VII case when at-will employee was provided with benefits that employer was not otherwise obligated to provide).

Upon review of these standards, we conclude that the magistrate judge did not err in determining that the waiver here was supported by adequate consideration. Under the

3

terms of the Agreement, Proctor was permitted to continue working for pay for a period of time following the Agreement's execution and to leave his position as a retiree rather than as a terminated employee.    Furthermore, under the totality of the circumstances surrounding the execution of the Agreement, we conclude that the magistrate judge did not err in determining that, on balance, the waiver was knowing and voluntary, particularly given Proctor's education and experience, the clarity of the Agreement, and the fact that Proctor was represented by counsel when he signed the Agreement.  The magistrate judge therefore properly concluded that the waiver barred Proctor's claims.

We next turn to the magistrate judge's rulings on Proctor's motion for discovery. Rule 56(d) permits a court to defer or deny a motion for summary judgment to allow additional discovery if the nonmovant declares "it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).  "The rule mandates that summary judgment be postponed when the nonmovant has not had the opportunity to discover information that is essential to his opposition." *Hodgin v. UTC Fire & Sec. Americas Corp.*, 885 F.3d 243, 250 (4th Cir. 2018) (cleaned up).  "However, a court may deny a Rule 56(d) motion for discovery when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment." *Id.* (internal quotation marks omitted).  "We review a district court's denial of a Rule 56(d) motion for abuse of discretion," *id.* (internal quotation marks omitted), "reversing only if there is a clear abuse of discretion or the real possibility that a party was unfairly prejudiced by the decisions," *Trans Energy, Inc. v. EQT Prod. Co.*, 743 F.3d 895, 907 (4th Cir. 2014).  Based on these standards, we perceive no error in the magistrate judge's denial of Proctor's

4

motion for discovery on the ground that the proposed discovery was not essential to support Proctor's opposition to summary judgment.

Accordingly, we affirm the magistrate judge's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*